SANDRA D. LYNCH, ESQ.
BROOKS LYNCH TYDINGCO & QUAN LLP
C&A BUILDING, SUITE 101
251 MARTYR STREET
HAGÅTÑA, GUAM 96910

*Attorneys for Alice N. Salas*

**FILED**
DISTRICT COURT OF GUAM
FEB - 6 2002
MARY L.M. MORAN
CLERK OF COURT

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF GUAM

| | |
|---|---|
| ALICE N. SALAS, <br><br> Plaintiff, <br><br> vs. <br><br> JAMES JI COMPANY, <br> JJ PACIFIC DEVELOPMENT <br> CORPORATION, JAMES JI, <br> and HUANG LEE, <br><br> Defendants. | CIVIL CASE NO. 02-00002 <br><br> **COMPLAINT FOR** <br> **UNLAWFUL TERMINATION** <br> **UNDER 28 USC 1875** |

Comes Now Plaintiff, Alice N. Salas, by and through court appointed counsel, Sandra D. Lynch, Esq. of BROOKS LYNCH TYDINGCO & QUAN LLP, and herein alleges as follows:

1. This Court has jurisdiction over this matter pursuant to Title 28, United States Code [hereinafter 28 USC] Section 1875, et seq.

2. Plaintiff is and was at all relevant times a resident of the territory of Guam;

3. Upon information and belief, Defendant James Ji Company was at all relevant times

*Alice N. Salas vs. James Ji Company, et al.*
*Case No. _____*
***Complaint for Unlawful Termination***
***Under 28 USC 1875***

1 duly licensed to conduct business in the territory of Guam and operated out of the corporate offices of JJ Pacific Development Corporation in Tamuning, Guam;

4. Upon information and belief, Defendant JJ Pacific Development Corporation was at all times relevant incorporated under the laws of the territory of Guam, duly licensed to conduct business in Guam, and operated out of its corporate offices in Tamuning, Guam;

5. Upon information and belief, Defendant James Ji is a resident of California, who owns James Ji Company, JJ Pacific Development Corporation, and is a director, shareholder, and officer of the corporation, and directs all activity connected with the operation of the businesses in Guam;

6. Upon information and belief, Defendant Huang Lee was at all relevant times the manager of James Ji Company and JJ Pacific Development Corporation, and carried out the daily business activities of said businesses, including hiring, firing, scheduling, and compensating employees;

7. Plaintiff Alice N. Salas became an employee on or about July 30, 2001, at the corporate offices of James Ji Company, and JJ Pacific Development Corporation, performing general secretarial and reception duties;

8. On or about Friday, August 24, 2001 Plaintiff received a summons to appear at the United States District Court of Guam for jury duty on Monday, August 27, 2001.

9. On Friday, August 24, 2001, Plaintiff provided a written notice to the defendants, via Defendant Lee, regarding her jury duty. A copy is attached as Plaintiff's Exhibit 1;

10. On Monday, August 27, 2001, Defendants were provided with a Notice to Employer regarding 28 USC Section 1875 "Protection of Jurors' Employment." A copy is attached as Plaintiff's

*Alice N. Salas vs. James Ji Company, et al.*
*Case No. _____*
*Complaint for Unlawful Termination*
*Under 28 USC 1875*            -2-

Exhibit 2;

11. Plaintiff was selected to sit as a juror in a criminal case in the U.S. District Court of Guam, with the jury trial to begin on Monday, September 10, 2001. The Deputy Clerk of the District Court provided a Notice to Plaintiff's Employer of her selection as a juror on September 10, 2001. A copy is attached as Plaintiff's Exhibit 3;

12. Plaintiff was sequestered with the other jurors beginning on Friday, September 7, 2001;

13. Plaintiff received, via the U.S. Marshall's Service, her pay check for the pay period ending August 31, 2001, on September 12, 2001, in the amount of $606.30. A copy of the check is attached hereto as Plaintiff's Exhibit 4;

14. Plaintiff was not paid by Defendants during the period of her jury service, despite that the difference in her usual wages and her pay as a juror were disparate;

15. The jury trial in which Plaintiff sat ended after approximately two weeks. Once she was released from jury duty, on or about September 24, 2001, Plaintiff contacted her employer, Defendants herein, and requested to return to work. Defendants refused to permit Plaintiff to return to work;

16. From the period following the end of the Plaintiff's jury service, until October 15, Defendants refused and denied employment to Plaintiff in violation of law, despite that Plaintiff was able, available and willing to return to work and requested to return to work;

17. On or about October 15, Plaintiff was permitted to return to work, but was denied her previous amount of hourly work despite that she was able, available and willing to perform such amount of work, and was thereby denied her former wages by Defendants, in violation of law;

*Alice N. Salas vs. James Ji Company, et al.*
*Case No.* _____
***Complaint for Unlawful Termination***
***Under 28 USC 1875***                                    -3-

Case 1:02-cv-00002   Document 1   Filed 02/06/2002   Page 3 of 11

18. From October 15 until October 26, 2001, after she returned to work, Plaintiff was treated by Defendants with hostility, disrespect, discrimination, and disdain so as to cause her embarrassment, humiliation, and mental anguish in her workplace, despite that Plaintiff continued to perform her duties as required;

19. On or about October 29, Plaintiff resigned from her employment as a direct result of the hostile environment which had been created by Defendants. A copy is attached as Plaintiff's Exhibit 4;

20. The actions by Defendants in the treatment of Plaintiff after her jury service created such a hostile workplace environment as to constructively discharge and terminate Plaintiff's employment, to her injury and in violation of law;

21. The actions by Defendants in the treatment of Plaintiff after her jury service were in direct relation to her jury service and therefore violate the law;

22. As a result of the unlawful actions by Defendants, Plaintiff has been deprived of income and the expectation of income and employment to which she was entitled in amounts to be proved at trial.

WHEREFORE, Plaintiff prays as follows:

1. That Defendants and each of them be found to have violated the provisions of 28 USC 1875 in unlawfully withholding differential wages from Plaintiff during the period of Plaintiff's jury service;

2. That Defendants and each of them be found to have violated the provisions of 28 USC 1875 in unlawfully denying to Plaintiff her employment from at least September 24 until October 15;

3. That Defendants and each of them be found to have violated the provisions of 28 USC 1875 in denying Plaintiff the same or a similar number of hours and thereby wages after Plaintiff's jury service;

4. That Defendants and each of them be found to have violated the provisions of 28 USC 1875 in creating a hostile work environment so as to cause Plaintiff's constructive termination from her employment;

5. For an award of lost wages during her jury service, amounting to the difference between Plaintiff's usual wages and her jury service fee, in amounts to be proved at trial;

6. For an award of lost wages following her jury service, prior to her return to work, in amounts to be proved at trial;

7. For an award of lost wages as a result of her reduced work hours after her return to work, in amounts to be proved at trial;

8. For an award of lost future wages resulting from her unlawful termination, in amounts to be proved at trial;

9. For any and all other relief to which she may be entitled, in law or equity.

Respectfully submitted this 4th day of February, 2002.

BROOKS LYNCH TYDINGCO & QUAN LLP

By: _____
SANDRA D. LYNCH, ESQ.
Attorneys for Alice N. Salas

*Alice N. Salas vs. James Ji Company, et al.*
*Case No. _____*
***Complaint for Unlawful Termination***
***Under 28 USC 1875***                    -5-

8/24

Mr. Lee,

I'm being called for Jury Duty on Monday at 7:15 A.M. I don't know yet what time I'll be out of there or if ever I'll be selected. But if I'm out by noon, I'll be back to work.

Alice

**EXHIBIT 1**

## NOTICE TO EMPLOYER

This is to inform you that the person presenting this notice has been summoned for jury service.

### TITLE 28
### UNITED STATES CODE
### SECTION 1875
### PROTECTION OF JURORS' EMPLOYMENT

"(a)  No employer shall discharge, threaten to discharge, intimidate, or coerce any permanent employee by reason of such employee's jury service, or the attendance or scheduled attendance in connection with such service, in any court of the United States.

(b)  Any employer who violates the provisions of this section -

(1)  shall be liable for damages for any loss of wages or other benefits suffered by an employee by reason of such violation;

(2)  may be enjoined from further violations of this section and ordered to provide other appropriate relief, including but not limited to the reinstatement of any employee discharged by reason of his jury service; and

(3)  shall be subject to a civil penalty of not more than $1,000 for each violation as to each employee.

(c)  Any individual who is reinstated to a position of employment in accordance with the provisions of this section shall be considered as having been on furlough or leave of absence during his period of jury service, shall be reinstated to his position of employment without loss of seniority, and shall be entitled to participate in insurance or other benefits offered by the employer pursuant to established rules and practices relating to employees on furlough or leave of absence in effect with the employer at the time such individual entered upon jury service.

(d) (1)  An individual claiming that his employer has violated the provisions of this section may make application to the district court for the district in which such employer maintains a place of business and the court shall, upon finding probable merit in such claim, appoint counsel to represent such individual in any action in the district court necessary to the resolution of such claim.  Such counsel shall be compensated and necessary expenses repaid to the extent provided by Section 3006A of Title 18, United States Code.

(2)  In any action or proceedings under this section, the court may award a prevailing employee who brings such action by retained counsel a reasonable attorney's fee as part of the costs.  The court may tax a defendant employer, as costs payable to the court, the attorney fees and expenses incurred on behalf of a prevailing employee, where such costs were expended by the court pursuant to paragraph (1) of this subsection.  The court may award a prevailing employer a reasonable attorney's fee as part of the costs only if the court finds that the action is frivolous, vexatious, or brought in bad faith.

**EXHIBIT 2**

## NOTICE TO EMPLOYER

To Whom It May Concern:

Alice N. Salas has been selected to serve as a juror in this court as required by law under 28 U.S.C. §1866. Ms. Salas is in sequestration and expected to be in this status for approximately three (3) weeks.

If you have any questions, you may contact our office at 473-9100.

DATED this 10th day of September, 2001.

MARY L.M. MORAN<br>
CLERK, DISTRICT COURT OF GUAM<br><br>
By: _____Marilyn B. Alcon_____<br>
Deputy Clerk

**EXHIBIT 3**



GUAM DRIVER'S LICENSE
SALAS, ALICE N.
P.O. BOX 3514
AGAT
GU 96928

---

**JJ PACIFIC DEVELOPMENT CORPORATION**
PH. 477-9220  FAX 477-2030
P.O. BOX 6403
TAMUNING, GUAM 96931

1756
101-501/1214
38

DATE  Aug. 31, 2001

PAY TO THE ORDER OF __Alice N. Salas__    $ 606.30

** Six Hundred Six and 30/100 _____ DOLLARS

**Bank of Hawaii**
AGANA BRANCH
AGANA, GU 96910

ppe Aug. 01   ⑈001756⑈ ⑉121405018⑉ 0038⑈066765⑈

---

Signature doesn't
match signature card
at the bank
per Marshall's
U.S.

**EXHIBIT 4**

Labor  1964
TROTTER
772-7291
472-7495 FAX

Pay Day  8/31/98

Ordrey Samus A.

Egypt to Sept Check with
Sequestered 7th

10/29/01

James Ji Company
Attn: Mr. Huang Lee

Due to unforeseen circumstances, I am submitting my resignation effective today. Working with the company for a short time was an opportunity and a challenge, and I thank the company and you. Also, I am kindly requesting for my payroll check, that is, from October 15th thru October 26th. Please mail it at this address:
Alice N. Salas
P.O. Box 8544
Agat, Guam 96928

Alice N. Salas

Acknowledged by:

_____

**EXHIBIT 5**