SANDRA D. LYNCH, ESQ.
BROOKS LYNCH & TYDINGCO LLP
C&A Building, Suite 101
251 Martyr Street
Hagatna, Guam 96910

*Attorneys for Alice N. Salas*

FILED
DISTRICT COURT OF GUAM
MAY 17 2002
MARY L. M. MORAN
CLERK OF COURT

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF GUAM

ALICE N. SALAS,

    Plaintiff,

vs.

JAMES JI ENTERPRISE,
JJ PACIFIC DEVELOPMENT
CORPORATION, JAMES JI,
and HUANG LEE,

    Defendants.

CIVIL CASE NO. 02-00002

**APPLICATION FOR DEFAULT JUDGMENT**

Comes now Plaintiff, Alice N. Salas, and moves, pursuant to Federal Rule of Civil Procedure 55, for Default Judgment against all defendants, jointly and severally. Her Application is more fully supported in the Memorandum of Points and Authorities, the Affidavits submitted herewith, and the pleadings on file with this Court.

**MEMORANDUM OF POINTS AND AUTHORITIES**

Plaintiff on February 6, 2002, filed a complaint against defendants under Title 28, United States Code [hereinafter 28 USC] Section 1875, et seq., alleging that she was unlawfully discharged from her employment as a result of her federal jury service. Defendant Huang Lee ws served on February 15, 2002, JJ Pacific Development Corporation was served on February 15, 2002, Defendant James Ji Enterprise was served on February 15, 2002, and Defendant James Ji

was served on March 7, 2002. Defendant James Ji's Answer was due no later than March 7; Defendant Huang Lee, JJ Pacific Development Corporation, and James Ji Enterprise Answer was due no later than March 27, 2002. On or about the day Defendants' answer was due, Defendants requested from the Court an additional period of time within which to answer the complaint, which was never served on Plaintiff. The Court granted the extension, for an additional thirty days, or until April 8, 2002. To date, no answer has been filed or received by the Court, nor served on Plaintiff. Plaintiff therefore moves for a Default Judgment against all Defendants, jointly and severally. Under Rule 55 (a),

> When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default.

Under Rule 55 (b), "*Judgment,*"

> (1) **By the Clerk.** When the Plaintiff's claim against a defendant is for a sum certain or for a sum which can by computation be made certain, the clerk upon request of the plaintiff and upon affidavit of the amount due shall enter judgment for that amount and costs against the defendant, if the defendant has been defaulted for failure to appear and if he is not an infant or incompetent person.
>
> (2) **By the Court.** In all other cases the party entitled to judgment by default shall apply to the court therefor...If the party against whom judgment by default is sought has appeared in the action, the party (or, if appearing by representative, the party's representative) shall be served with written notice of the application for judgment at least 3 days prior to the hearing on such application. If, in order to enable the court to enter judgment or to carry it into effect, it is necessary to take an account or to determine the amount of damages or to establish the truth of any averment by evidence or to make an investigation of any other matter, the court may conduct such hearings or order such references as it deems necessary and proper and shall accord a right of trial by jury to the parties when and as required by an statute of the United States.

Defendants have made an appearance through their representative Huang Lee, by requesting an extension of time within which to respond to the complaint. Despite receiving an Extension of Time, however, Defendants failed to respond and Plaintiff is therefore entitled to

Case 1:02-cv-00002 Document 19 Filed 05/17/2002 Page 2 of 3

Judgment by Default.

Plaintiff's damages are readily susceptible of determination, since she may testify as to the amount of pay she received prior to and during jury service, and the amount of pay she received following her jury service, once she was partially reinstated to a position with defendants. The Court may determine, based on the reasonable expectations of Plaintiff, the amounts she would have earned but for the wrongful conduct of the defendants in failing to reinstate her immediately to her former position, in failing to reinstate her to a position with comparable hours, and in creating a hostile work environment which made it impossible for Plaintiff to continue to work the minuscule hours provided by Defendant even upon her tardy reinstatement. Her affidavit is attached.

## CONCLUSION

Defendants were served and appeared in this matter. They failed to file or serve an Answer to the Complaint, despite having been granted an Extension of Time within which to do so by this Court. Plaintiff is therefore entitled to a Judgment by Default, and the Court may readily ascertain the amount of damages suffered by Plaintiff, based on her Affidavit, and her testimony at a hearing on this Application.

Respectfully submitted this _16th_ day of May, 2002.

**BROOKS LYNCH & TYDINGCO LLP**

_Sandra D. Lynch_
Sandra D. Lynch, Esq.

Alice N. Salas v. James Ji Enterprises, et al.
Civil Case No. 02-00002
Application for Default Judgment

-3-

Case 1:02-cv-00002    Document 19    Filed 05/17/2002    Page 3 of 3