| | |
|---|---|
| 1  BERMAN O'CONNOR MANN & SHKLOV<br>   Suite 503, Bank of Guam Bldg.<br>2  111 Chalan Santo Papa<br>   Hagåtña, Guam 96910<br>3  Telephone: (671) 477-2778 | FILED<br>DISTRICT COURT OF GUAM<br>NOV 29 2002<br>MARY L. M. MORAN<br>CLERK OF COURT |

4

5 Attorneys for Defendant
*JAMES JI ENTERPRISES, INC. ET AL.*

6

7                    IN THE DISTRICT COURT OF GUAM

| | | |
|---|---|---|
| 8  ALICE N. SALAS, | ) | CIVIL CASE NO. CV02-00002 |
| 9 | ) | |
|    Plaintiff, | ) | |
| 10 | ) | |
| 11   v. | ) | **MOTION TO ENLARGE TIME** |
|    | ) | **AND MEMORANDUM OF** |
|    | ) | **POINTS AND AUTHORITIES** |
| 12  JAMES JI ENTERPRISES, JJ PACIFIC | ) | |
|    DEVELOPMENT CORPORATION, | ) | |
| 13  JAMES JI AND HYUNG LEE, | ) | |
| 14 | ) | |
| 15  Defendant. | ) | |
| 16 | ) | |

## MOTION TO ENLARGE TIME AND
## MEMORANDUM OF POINTS AND AUTHORITIES

### EX PARTE MOTION CONTINUE MOTION CUT-OFF AND TRIAL DATES

Defendants James Ji, et al., through counsel undersigned, hereby move the court for an order, pursuant to LR 16.5, enlarging time for the Motion cut-off date of an additional thirty days and continuing the trial date currently scheduled on February 10, 2003 to a date to be set by this Court based on cause shown. Counsel for Plaintiff has been repeatedly contacted by Defendants' attorney, and she has not indicated whether she consents to the enlargement of time of the Motion cut-off date and Trial.

E:\Jean\Plds\1422.wpd

ORIGINAL

I. **Chronology of Facts**

On September 30, 2002, Attorney Monica Valle delivered letter to Attorney Lynch for the Plaintiff with regard to the discussion of discovery deadlines in the set of Depositions of the parties. See, Declaration of Counsel, ¶3, and Letter Attorney Valle, September 30, 2002, Exhibit "1".

On September 30, 2002, Attorney for Plaintiff replied regarding scheduling of the Deposition of the parties, and her requirement to go off island for travel between October 5, and October 19, 2002. Id. at ¶4; Letter Attorney Lynch, September 30, 2002, Exhibit "2".

On October 9, 2002, Attorney for Plaintiff issued written notice that emergency medical leave required off island travel between October 9, 2002 to October 31, 2002. Id. at ¶5; Notice Attorney Lynch, dated October 9, 2002, Exhibit "3".

On October 17, 2002, Attorney Valle for Defendants delivered letter to opposing counsel. This written request requested cooperation to schedule Depositions and accommodate the off island travel of opposing counsel. Id. at ¶6; Letter Attorney Valle, dated October 17, 2002 to Attorney Lynch, Exhibit "4".

On October 24, 2002, Attorney Valle delivered letter and facsimile to Attorney Lynch for Plaintiff with respect to extension of the Motion cut off to the new date of January 6, 2003. The letter also accommodated and cooperated with the set of the Deposition in late November 2002 for Plaintiff. Id. at ¶7; Letter October 24, 2002 Attorney Valle to Attorney Lynch, Exhibit "5", attached.

On October 31, 2002, Attorney Valle for the Defendants delivered letter to opposing counsel with respect to the coordination of the Stipulation and Order to continue and enlarge dates for the cut-off deadlines for all motions and discovery. Id. at ¶8; Attorney Valle letter dated October

E:\Jean\Plds\1422.wpd

31, 2002 to Attorney Lynch, Exhibit "6", attached.

On November 17, 2002, Attorney Valle for the Defendants sent facsimile to Attorney Lynch with respect to a follow-up and request for advise on the status of the Stipulation and Order to enlarge the schedule for the motions and discovery cut off dates. Id. at ¶9; facsimile dated November 17, 2002 to Attorney Lynch, Exhibit "7", attached.

On November 22, 2002, Deposition was taken of Plaintiff Alice Salas with opposing counsel present. Attorney Berman for Defendants requested in person to Attorney Lynch to respond to the proposed Stipulation and Order to extend the relevant motions and discovery cut off dates. See, Declaration of Counsel, ¶10, filed herewith; Exhibit "8". Opposing counsel for Plaintiff asked if the possibility existed for a discovery extension or stipulation to allow more discovery. Counsel for Plaintiff indicated no opposition. Id.

## II. Points and Authorities

Defendants James Ji, et al. move for an extension of time because the deposition of the Plaintiff took place only on November 22, 2002. Through an agreement with Plaintiff's counsel, the depositions of the parties were to be scheduled shortly after the deposition cut-off date as set forth in the Scheduling Order. In light of this extension, Defendant's counsel proposed that the motion cut-off be extended as well. Once the deposition(s) of the parties was had, then a basis for a dispositive motion(s) is expected.

In the event that the motion cut-off is extended, an effect on all the subsequent deadlines will result. As such, a need to extend the trial date in this case, and related deadlines also arises. For this reason, a request for a continued trial date is also made. Plaintiff's counsel had originally agreed to both an extension of the discovery cut-off and the motion cut-off dates. However, Plaintiff's counsel has failed to respond to repeated written requests for a position as to a proposed stipulation for

E:\Jean\Plds\1422.wpd

continuance and all related dates.

Earlier, the first reason for enlargement was that Defendants' attorneys were retained after the preparation and approval of the first Scheduling Order. Plaintiff's counsel consented to first enlargement. However, she did not agree to sign to a stipulated motion for such.

Based on Federal Civil Procedure 6(b) **Enlargement**, Defendants' in this action submit that good cause exists to extend the motion cut-off date and trial date in this matter Plaintiff moves for an enlargement of time of an additional thirty (30) days of the Motion cut-off date, and request an appropriate extension of the trial date in order that all the deadlines as required are complied with.

Rule 6 (b) of the Federal Rules of Civil Procedure states:

> **Enlargement.** When by these rules or by a notice given thereunder or by order of court and act is required or allowed to be done at or within a specified time, the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if request therefore is made before the expiration of the period originally prescribed or as extended by a previous order, or (2) upon motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect; but it may not extend time for taking any action under Rules 50 (b) and (c) (2), 52 (b), 59 (b), (d) and (e), 60 (b) and 74 (a), except to the extent under the conditions stated in them.

Defendants request that the Court enlarge the dates as set forth in the Scheduling Order in the above-captioned matter due to the recent entry of appearance of counsel in this case.

Defendants' Motion is based on good cause and should therefore be granted.

## CONCLUSION

Defendants move the Court for an enlargement of time of Motion and Trial dates.

E:\Jean\Plds\1422.wpd

Dated this **29** day of November, 2002.

          Respectfully submitted.

**BERMAN O'CONNOR MANN & SHKLOV**
Attorneys for Defendant *JAMES JI ENTERPRISES, INC. ET AL.*

By: _____
**MONICA VALLE**
**DANIEL J. BERMAN**
Attorneys for Defendants James Ji, et. al.

E:\Jean\Plds\1422.wpd