BERMAN O'CONNOR MANN & SHKLOV
Suite 503, Bank of Guam Bldg.
111 Chalan Santo Papa
Hagåtña, Guam 96910
Telephone: (671) 477-2778

Attorneys for Defendants:
*JAMES JI ENTERPRISES, INC. ET AL.*

FILED
DISTRICT COURT OF GUAM
MAR 25 2003
MARY L.M. MORAN
CLERK OF COURT

55

# IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| ALICE N. SALAS, | CIVIL CASE NO. CV02-00002 |
| Plaintiff, | |
| v. | **DEFENDANTS' DECLARATION OF COUNSEL RE: FINAL SETTLEMENT** |
| JAMES JI ENTERPRISES, JJ PACIFIC DEVELOPMENT CORPORATION, JAMES JI AND HYUNG LEE, | |
| Defendant. | |

## DEFENDANTS' DECLARATION OF COUNSEL RE: FINAL SETTLEMENT

I, MONICA VALLE, being of legal age and currently residing in the Territory of Guam hereby declare and state as follows:

1. That the statements made in this Declaration and true, correct and complete to the best of my knowledge.

2. That on March 11, 2003, shortly prior to the Hearing on the Motion to Withdraw filed on the above reference matter, I was informed by Mr. James Ji that a settlement of this case had been made between himself and Plaintiff Alice Salas.

E:\Jean\Plds\1693.wpd

ORIGINAL

3. Mr. Ji provided a written statement of settlement by Plaintiff Alice Salas, as well as the receipt. See, Exhibits "1" and "2", receipt and Plaintiff's Statement, ("case dropped"), attached to the Motion to Confirm Settlement

4. Both Plaintiff and Defendants' attorneys had prior knowledge that settlement negotiations by the parties were underway between Defendant James Ji (herein "Mr. Ji") and Alice Salas, without legal counsel, because the Plaintiff and Defendant had a private meeting, without counsel present, in a private office set up at the law office of Attorney Lynch, immediately prior to the Plaintiff taking the deposition of Mr. Ji on February 20, 2003.

5. Prior to the February 20, 2003 first settlement meeting, Attorney Lynch had agreed with me that the parties should be permitted time together, without counsel present, to facilitate a settlement, for which she did provide a private room.

6. On February 20, 2003, the first settlement meeting, the parties could not agree to settle, and the deposition of Mr. Ji proceeded forward to completion.

7. Subsequently, on March 19, 2003, I delivered letter to Attorney Sandra Lynch as to our clients position as to the purported settlement. See, letter dated March 19, 2003, Exhibit "3"

8. On March 20, 2003, I had a telephone conversation with Ms. Lynch wherein she indicated that her client would not be returning any of the $6,000.00; and, that she was not willing to submit any additional documents to Court in reference to the settlement agreement between the parties.

9. Mr. Ji has stated that this matter was settled as a final agreement by the parties, without the assistance of legal counsel.

10. To the best of my information and knowledge, the parties freely and willingly, and without duress and coercion, entered into the agreement, and that no unethical procedure on the part of

E:\Jean\Plds\1693.wpd

either of the parties took place in relation to the settlement and contract discussions.

I declare under penalty of perjury under the laws of the Territory of Guam that the foregoing statements are true and correct to the best of my knowledge.

Dated this 25th day of March, 2003.

Respectfully submitted.

**BERMAN O'CONNOR MANN & SHKLOV**
Attorneys for Defendants *JAMES JI ENTERPRISES, INC. ET AL.*

By: *[signature]*
**MONICA VALLE**

E:\Jean\Plds\1693.wpd