SANDRA D. LYNCH, ESQ.
BROOKS LYNCH & TYDINGCO LLP
C&A Building, Suite 101
251 Martyr Street
Hagatna, Guam 96910

Telephone: (671) 472-6848
Facsimile: (671) 477-5790

*Attorneys for Alice N. Salas*

FILED
DISTRICT COURT OF GUAM
APR 07 2003
MARY L. M. MORAN
CLERK OF COURT

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF GUAM

| | |
|---|---|
| ALICE N. SALAS<br><br>    Plaintiff,<br><br>vs.<br><br>JAMES JI ENTERPRISE,<br>JJ PACIFIC DEVELOPMENT<br>CORPORATION, JAMES JI,<br>and HUANG LEE,<br><br>    Defendants. | CIVIL CASE NO. 02-00002<br><br>**DECLARATION OF COUNSEL IN RESPONSE TO DEFENDANT'S MOTION TO CONFIRM SETTLEMENT** |

I, Sandra D. Lynch, hereby make the following declaration:

1. I am counsel for the plaintiff in the above styled matter and therefore have personal knowledge of the information contained herein;

2. I was not involved in nor informed of the settlement between my client Alice Salas and Ms. Bennett Garcia, purportedly acting on behalf of Defendant James Ji. I found out about the settlement on the morning of the Preliminary Pre-Trial Conference on March 11, 2003 when defense counsel provided me with a copy of a hand-written note from my client indicating she had accepted a settlement;

3. Following the court hearing on March 11, 2003, I discussed the settlement with

my client and she provided a statement, which my office typed for her signature. This statement was submitted to the Court and to defense counsel and is a part of the record in this case;

4. On or about March 19, 2003, I received a letter from defense counsel, asking me to "advise" her whether my client accepted the settlement and if not, to return the settlement funds. A copy of the letter has been provided to the Court as an Exhibit to defense counsel's Motion to Confirm Settlement;

5. Shortly after I received the letter from defense counsel, I telephoned her. I informed her that I had no intention of doing anything she suggested in her letter, since the matter was in the hands of the Court. Ms. Valle suggested that my client's affidavit did not clarify the issue of whether the case was settled and therefore she was asking me to confirm or deny that fact. I stated to her that I would not "advise" her whether my client considered the matter settled, and would not be a party to preparing any settlement documents, since I had no part in any settlement of the matter between the respective parties and could not memorialize any agreement to that effect;

6. At no time did I tell defense counsel that my client "would not be returning the any of the $6,000.00." I stated that I was not comfortable with doing *anything* with the "settlement" since the Court had advised both counsel at the March 11 hearing that it was not satisfied with the reasonableness of the settlement and that there were outstanding issues, including attorneys fees, which would be resolved by the Court;

7. Defense counsel asked me how much the attorneys fees were for my client and I stated that I was attempting to clarify whether I should submit a fee bill under the CJA guidelines or my regular hourly rate, since this case did not fall into the usual categories of CJA cases, but that the fees were somewhere between $6,000 and

-2-

$13,000 depending on the rates allowed. I indicated that my fee bill was prepared and I would submit it with a copy to her shortly thereafter. Subsequently, my office filed with the Court and served upon defense counsel a copy of my billing statement;

8. The Declaration of Defense Counsel omits a critical element of the "settlement negotiations" between the parties, possibly because Ms. Valle was not a party to all the settlement discussions had in this case. When I discussed with defense counsel the scheduling of Mr. Ji's deposition while he was on Guam, Ms. Valle indicated that Mr. Ji would like to speak with Ms. Salas. I discussed this request with my client and she agreed to do so. I therefore arranged for her to use a room in my office for a private conference with Mr. Ji prior to his deposition. Since my client intended to attend Mr. Ji's deposition anyway, she was agreeable to the meeting at that time and place;

9. On the day of the Deposition, attorney Dan Berman attended with Mr. Ji. Ms. Valle did not attend. I left Mr. Ji and Ms. Salas alone in a private room for approximately twenty minutes. Ms. Salas then approached me in another room and asked to speak with me privately. She was visibly shaken and near tears and said that the meeting had upset her and that she needed to leave immediately. She told me Mr. Ji had made an offer below what she wanted, but that he had told her that "he would take the case to the Ninth Circuit if he lost at trial," and she was not sure she could endure the strain of the case much longer. I tried to reassure her but she insisted she was unable to stay for the deposition and she left the office;

10. I was outraged, so as soon as Ms. Salas left, I confronted defense counsel Mr. Berman, in front of Mr. Ji, in my conference room but outside the presence of the court reporter. I demanded to know why his client used the pretense of a settlement conference to intimidate my client. Mr. Berman knew nothing of the

-3-

situation but inferred that it was my fault since I had allowed the two parties to meet privately. Instead of arguing, I composed myself and proceeded with Mr. Ji's deposition;

11. Following the deposition, I received defense counsel's Motion to Withdraw. I made a written settlement offer to Mr. Ji and contacted defense counsel to confirm that they still represented him and could convey the offer. I placed a deadline of March 7 on the offer based on the Court's Order regarding the Motion to Withdraw. I had not received a response to the offer when I spoke with Ms. Salas on March 6, 2003. This was apparently the day she asked Ms. Bennett Garcia to intervene on her behalf with the defendant;

12. It is not my intention to circumvent the Court's discretion in resolving the "settlement" of this case by submitting "documents" to memorialize a settlement I did not negotiate and did not approve, unless and until this Court so directs. This was the intent of my discussion with defense counsel in refusing to take any action on her request to "confirm" the settlement.

Respectfully submitted this 4th day of April, 2003.

_Sandra D. Lynch_
Sandra D. Lynch, Esq.